753 So.2d 774 (2000)
John Michael HARRIS, Appellant,
v.
Falina Claire HARRIS, Appellee.
No. 5D99-2285.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
*775 Jefferson W. Morrow of David & Morrow, P.A., Jacksonville, for Appellant.
Linda Logan Bryan of Miller, Shine & Bryan, P.A., St. Augustine, for Appellee.
PETERSON, J.
The former husband, John Michael Harris, challenges an order of the trial court declaring as unenforceable visitation rights granted to him in a final judgment of dissolution. The visitation rights were incorporated into the final judgment pursuant to a settlement agreement. In the settlement agreement, John and the former wife, Falina Harris, agreed that John was not the biological father of Falina's child, but that because John and the child had bonded, it would be in the child's best interests to provide for a continued relationship and visitation.
The child was born nine months before the parties were married. However, John and Falina were dating at the time of the child's birth, and John was at the hospital when the child was born. Further, John signed the birth certificate representing that he was the biological father.
In her request to have the visitation declared void, Falina alleged that she entered into the agreement as a result of mistake, excusable neglect, duress and coercion and that the trial court lacked subject matter jurisdiction over the child because John was not the child's father. She also alleged that her counsel never advised her that John had no rights to her child and that John threatened to harm her and flee with the child if she did not sign the agreement.
The trial court granted the relief requested in the form of a summary judgment in Falina's favor upon the affidavit of Falina asserting the above allegations as fact. John opposed the motion for summary judgment with an affidavit stating that he was the biological father. John also alleged in a motion to set aside the marital settlement agreement that he signed that agreement under duress.
We vacate the summary judgment for the following reasons:
First, it does not appear from the record that section 742.091, Florida Statutes (1997), was considered by the parties or the trial court. This section provides:
If the mother of any child born out of wedlock and the reputed father shall at any time after its birth intermarry, this child shall in all respects be deemed and held to be the child of the husband and wife.
John appears to be the reputed father in this case. He signed the birth certificate and he was recognized in the parties' settlement agreement as the male parent. Because John married the mother, Falina, nine months after the birth of the child, *776 the child is deemed to be the child of John and Falina.
Second, the best interests of the child were not considered under the doctrine set forth in Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). Under Privette, a legitimate child has a right to maintain that status both factually and legally if doing so is in the child's best interests. Id. at 307. Thus, in paternity cases, before any blood test can be ordered, a guardian ad litem must be appointed to represent the child. Id. at 308. The trial court in the instant case considered but failed to actually obtain a guardian ad litem for the child prior to terminating all rights of the reputed father. We conclude under the principles of Privette that this was error.
Third, there remain material unresolved issues of fact in this case, including whether John signed the settlement agreement under duress, whether John is the father, biological or otherwise, and finally, the encompassing issue of the child's best interests.
We vacate the final summary judgment and remand to the trial court for further proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED.
ANTOON, C.J., and W. SHARP, concur.